IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA           :        05 CR 152A

     -v-                               :        05-CR-

CHRISTOPHER MILLER,                 :

     Defendant.                     :        FILED
                                             JUN 0 8 2005
                                  :        CLERK, US DISTRICT COURT, WDNY

---

## PLEA AGREEMENT

The defendant, CHRISTOPHER MILLER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a 1 count Information charging a violation of Title 21, United States Code, Section 841(a)(1) (possession of cocaine with intent to distribute), which carries a maximum possible sentence of a term of imprisonment of 20 years, a fine of $1,000,000 or both, a mandatory $100 special assessment and a term of supervised release of at least 3 years and up to life. The defendant understands that the penalties set forth in this paragraph are the

maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines §5E1.1(d).

3.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.  SENTENCING GUIDELINES

4.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

5.  The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that the defendant possessed a controlled substance, that the defendant knew that the defendant possessed a controlled substance, and that the defendant intended to distribute the controlled substance.

## FACTUAL BASIS

6.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a) On May 11, 2001, at Tonawanda, New York in the Western District of New York, DEA agents executed a federal search warrant at 234 Louvaine Street, Tonawanda, New York, the residence of the defendant. While agents were present, defendant led them to an area of his bedroom where he stored cocaine. Agents then seized a quantity of cocaine, a small quantity of marijuana and miscellaneous items (including scales) from defendant's bedroom. The defendant possessed the cocaine and intended to sell the cocaine.

   b) 25.9 grams of cocaine and 28 grams of marijuana is the amount involved in the defendant's relevant conduct encompassed in the Information which could be readily proven by the government against the defendant.

## BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines §§ 2D1.1(a)(3) and 2D1.1(c)(13) apply to the offense of conviction and provides for a base offense level of 14.

## SPECIFIC OFFENSE CHARACTERISTICS
## USSG CHAPTER 2 ADJUSTMENTS

8. The government and the defendant understand that, based on presently available information, the defendant meets the criteria set forth in Guidelines § 5C1.2(1)-(4). Provided the defendant complies with the requirements set forth in Guidelines § 5C1.2(5) before sentencing, the government and the defendant understand that the defendant may be sentenced without regard to a statutory minimum sentence. The parties further understand that the 2 level decrease pursuant to Guidelines § 2D1.1(b)(7) would apply and would reduce the adjusted offense level to 12. The government will advise the Court prior to sentencing whether the defendant has met the requirements set forth in Guidelines § 5C1.2(5).

**ADJUSTED OFFENSE LEVEL**

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 12.

**ACCEPTANCE OF RESPONSIBILITY**

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 10.

11. The government and the defendant agree not to move for, request, recommend or suggest any upward or downward adjustments or departures other than those specifically set forth in this agreement. A breach of this paragraph by a party shall relieve the other party of any agreements made herein with respect to departure motions and recommendations regarding the sentence to be imposed.

**CRIMINAL HISTORY CATEGORY**

12. It is the understanding of the government and the defendant that the defendant's criminal history category is I.

The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that, with a total offense level of 10 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 6 to 12 months, a fine of $2,000 to $1,000,000 and a period of supervised release of 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

14. The government and the defendant agree to recommend that the defendant be sentenced within the Sentencing Guidelines range set forth above. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

15. The defendant understands that the Probation Office will make an independent determination of the defendant's total offense level and criminal history category and that the Court will ultimately determine the appropriate total offense level and criminal history category. The defendant will not be entitled to withdraw the plea of guilty because of the Court's failure to adopt any Sentencing Guidelines calculations set forth in this agreement or because of an upward departure made by the Court.

### III.  STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV. GOVERNMENT RIGHTS AND RESERVATIONS

17. At sentencing, the government agrees to not to oppose the recommendation that the Court sentence the defendant at the lowest point of the applicable Guidelines range.

18. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

   c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office,

before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶12 above, notwithstanding the manner in which the Court determines the sentence.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶12 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI.  COOPERATION

23. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

24. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government

and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal, state and local courts in jurisdictions which have agreed to abide by this agreement.

25. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

26. Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government

determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines 2 levels as provided for in Guidelines § 5K1.1 which, if granted by the Court, would result in a total offense level of 8 and a sentencing range of 0 to 6 months imprisonment. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

27. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

28. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the

government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

29. In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.

Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

If this agreement is declared breached:

a.  the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.  the government may withdraw any motion filed pursuant to Sentencing Guidelines §5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.  the defendant has no right to withdraw the plea of guilty;

d.  the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.  the defendant agrees that any charges that were dismissed pursuant to this agreement may be automatically reinstated at the request of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

30.  At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request

that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines §5K1.1 and/or Title 18, United States Code, Section 3553(e).

31. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VII. **TOTAL AGREEMENT AND AFFIRMATIONS**

32. This plea agreement represents the total agreement between the defendant, CHRISTOPHER MILLER, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior

agreements, written or oral, entered into between the government and the defendant.

> KATHLEEN M. MEHLTRETTER
> Acting United States Attorney
> Western District of New York
>
> BY: *Mary Clare Kane*
> MARY CLARE KANE
> Assistant U. S. Attorney
>
> Dated: June 8, 2005

I have read this agreement, which consists of 16 pages. I have 13 had a full opportunity to discuss this agreement with my attorney, JOSEPH M. LATONA, ESQ. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JOSEPH M. LATONA, ESQ.
Attorney for the Defendant

_____
CHRISTOPHER MILLER
Defendant

Dated: June ___, 2005         Dated: June 8, 2005